UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


CERTAIN UNDERWRITERS AT LLOYDS, LONDON           CIVIL ACTION
*Subscribing Policy Number GLBP 10636*

v.                                               NO. 16-9922

TBARRE, LLC, ET AL.                              SECTION "F"


                         ORDER AND REASONS

    Before the Court is a motion to dismiss and an amended motion to dismiss by Myra Rhodies, *pro se*. For the reasons that follow, the motions are DENIED.

                            **Background**

    In this declaratory action, invoking Underwriters' Policy No. GLBP10636's assault and battery and firearm exclusions, an insurer seeks a judgment that it owes no duty to defend or indemnify various defendants in an underlying wrongful death case proceeding in state court.

    On March 24, 2016, a survival and wrongful death lawsuit was filed in the Civil District Court for the Parish of Orleans by the mothers of seven minor children of Gregory Journee. Named as defendants in the state court proceeding are Myra Rhodies, Tbarre,

                                 1

LLC, Cornell Augustine a/k/a Cornell Augustine, Jr., Troy Barre Rhodies d/b/a Spice Bar & Grill, and Kelly Rhodies.  The state court plaintiffs allege that the state court defendants owned, operated, or controlled Spice Bar, located at 2005 North Broad Street in New Orleans; that Augustine was an employee of Spice Bar; and that, on March 29, 2015, after another customer at the bar caused a disturbance, "Augustine used a handgun kept on the Spice Bar premises to shoot and kill Gregory Journee."

Taking as true the allegations of the complaint filed in this Court, Certain Underwriters at Lloyd's London Subscribing Policy Number GLBP10636 issued to Troy Rhodies d/b/a Spice Bar & Grill for the period of March 9, 2015 to March 9, 2016, and was cancelled for nonpayment effective January 31, 2016.  Tbarre, Augustine, and Kelly Rhodies are not insureds under the policy.  The policy provides commercial general liability coverage with an each occurrence limit of $1 million and a general aggregate of $2 million, subject to a $500 per occurrence deductible for bodily injury liability or property damage liability combined.  The insuring agreement provides that Underwriters agrees to pay sums the insured "becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  The commercial general liability coverage contains an Assault and Battery Exclusion, which states:

2

> This insurance does not apply to:
>
> 1.  An assault and/or battery regardless of culpability or intent;
> 2.  A physical altercation; or
> 3.  Any act or failure to act to prevent or suppress such assault and/or battery or physical altercation; whether caused by the insured, an employee, a patron, or any other person; and whether or not the acts occurred at the premises owned or occupied by the insured.
>
> This exclusion also applies to any:
> 1.  Damages arising from a claim by any other person, firm or organization, asserting rights derived from, or contingent upon, any person asserting a claim arising out of an assault and/or battery or a physical altercation;
> 2.  Damages for emotional distress, or for loss of society, services, consortium and/or income; reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages) paid or incurred by such other person, firm or organization;
> 3.  Obligation to share damages with or repay someone who must pay damages because of such assault and/or battery or physical altercation; or
> 4.  Damages arising out of allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such assault and/or battery or physical altercation.
>
> We are under no duty to defend an insured in any "suit" alleging such damages arising out of an assault and/or battery or physical altercation.

The commercial general liability coverage contains a firearms exclusion, which states that the insurance does not apply to:

> "Bodily injury", "property damage", "personal and advertising injury", or any loss, cost, damage or expense arising out of the ownership, rental, maintenance, use or misuse of any firearm.

After being notified of the claim that is the subject of the state court suit, Underwriters agreed to participate in the defense subject to a reservation of rights. On June 13, 2016, Underwriters filed this declaratory judgment action seeking a judgment that it owes no duty to defend or indemnify the state court defendants because the claims are barred by the policy's assault and battery and firearms exclusions.[1]  One of the defendants, Myra Rhodies, now seeks to dismiss the declaratory judgment action as to her.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8).

---

[1] Underwriters also seek a judgment that they owe no duty to defend or indemnify Tbarre, Augustine, and Kelly Rhodies because they were not insureds under the policy.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff."  See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

II.

The Declaratory Judgment Act provides that

> In a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201.

Ms. Rhodies contends that dismissal of this declaratory judgment action as to her is warranted because she has no ties to Spice Bar or its manager, Troy Rhodies. Ms. Rhodies contends that she plans to file motion for summary judgment in the state court proceeding in which she will show that she and Troy Rhodies divorced in 2014 and that she was not part of the insurance negotiations or execution of the policy. Underwriters counters that Ms. Rhodies's anticipated submission in state court may weigh towards whether Mr. Rhodies is liable to the underlying plaintiffs or whether she is an insured under the policy, but it provides no support for an argument that Underwriters fails to state a claim

for which relief may be granted where Underwriters seeks a determination as to its rights and obligations under the policy. The Court agrees.

There has been no summary determination as to the merits of the underlying state court proceeding as to Ms. Rhodies, nor any determination that she is not an "insured" under the policy. On a motion to dismiss under Rule 12(b)(6), the Court's consideration is limited; the Court takes as true the allegations of the complaint and does not consider materials outside the complaint except in limited circumstances. Yet, Ms. Rhodies asks this Court to dismiss this declaratory action against her because, offering "facts" not alleged in the complaint for declaratory relief, she has no ties to Spice Bar and ended her marriage with Spice Bar's manager, Troy such that she is not an "insured" under the policy. It is improper for the Court to consider these beyond-the-complaint assertions when asked to dismiss a complaint at the pleading stage. Considering only the allegations advanced by Underwriters -- that Underwriters is participating in Ms. Rhodies's and the other defendants' defense in the state court proceeding and that Underwriters owes no duty to defend under the terms of the policy or because certain state court defendants are not "insureds" under the policy -- the Court finds that Underwriters has stated a plausible claim for which relief may be granted against Ms. Rhodies

7

pursuant to the Declaratory Judgment Act. To be sure, Ms. Rhodies will have an opportunity to challenge the merits of the claim advanced by Underwriters; the Rule 12(b)(6) procedural device is simply not the appropriate vehicle to do so.

Accordingly, IT IS ORDERED that Myra Rhodies's motion to dismiss and amended motion to dismiss are hereby DENIED.

New Orleans, Louisiana, October 3, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE