UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON | CIVIL ACTION |
| VERSUS | NO. 16-9922 |
| TBARRE, LLC ET AL. | SECTION "F" (2) |

## ORDER AND REASONS ON MOTION

The Motion for Leave to Intervene of Tina Maurice, Angelica Douglas, Quian Williams and Courtney Miller, as administrators of the estates of their minor children, is pending before me. Record Doc. No. 47. Plaintiff, Certain Underwriters at Lloyds, London ("Underwriters"), filed a timely opposition memorandum. Record Doc. No. 49. Having considered the record, the applicable law and the written submissions of the parties, **IT IS ORDERED** that the motion is DENIED.

On March 24, 2015, the proposed intervenors filed a petition in the Civil District Court for the Parish of Orleans, asserting wrongful death and survival actions seeking to recover monetary damages against the same defendants who are also defendants in the captioned declaratory judgment action. The proposed intervenors "are the mothers and administrators of the estates of seven minor children whose father, Gregory Journee, was killed" in a shooting in the Spice Bar & Grill on March 29, 2015. Record Doc. No. 47-1 at p. 1.

On June 13, 2016, Underwriters filed the captioned complaint in this court seeking a declaratory judgment that its policy of insurance issued to defendants provided no

coverage for the claims asserted by the proposed intervenors as plaintiffs in their state court action. On October 31, 2016, this court entered both a default judgment against defendants and an order granting Underwriters' unopposed motion for summary judgment. Record Doc. Nos. 40, 41. Both this court's order and the judgment unequivocally held that Underwriters "is entitled to judgment as a matter of law that the policy does not afford coverage for the claims in the [proposed intervenors' state court] underlying lawsuit and that the plaintiff [Underwriters] owes no duty to defend or indemnify the defendants." Record Doc. No. 40 at p. 2; accord Record Doc. No. 41 at p. 2. The court's order and judgment were based on clear and unambiguous assault and battery and firearms exclusions contained in the subject commercial general liability policy issued by Underwriters to defendants.

The proposed intervenors filed this motion on December 14, 2016, two weeks after the entry of judgment. Citing a single Fifth Circuit precedent, Ranger Ins. Co. v. United Housing of N.M., Inc., 488 F.2d 682 (5th Cir. 1974), the proposed intervenors argue that they are entitled to intervene of right and because they are "indispensable parties" to this declaratory action concerning coverage under a contract of insurance to which they are not parties. Record Doc. No. 47-1 at pp. 2-4. Thus, two separate procedural rules – Rule 24 addressing intervention and Rule 19 concerning indispensable parties – apply to this motion.

As to intervention of right, Fed. R. Civ. P. 24(a) states:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Therefore, a party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a direct, substantial and legally protectable interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervenor's interest. In re Lease Oil Antitrust Litig., 570 F.3d 244, 247, 250 (5th Cir. 2009) (quotation omitted); accord Entergy Gulf States La., L.L.C. v. U.S. EPA, 817 F.3d 198, 203 (5th Cir. 2016); Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005); Heaton v. Monogram Credit Card Bank, 297 F.3d 416, 422 (5th Cir. 2002).

> Although failure to satisfy any one element precludes the applicant's right to intervene, we have noted that the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application, and concluded that intervention of right must be measured by a practical rather than technical yardstick. Intervention should generally be allowed where no one would be hurt and greater justice could be attained.

Ross, 426 F.3d at 753 (quotations and citations omitted) (emphasis added); accord Entergy Gulf States, 817 F.3d at 203.

As to permissive intervention, Fed. R. Civ. P. 24(b) provides in pertinent part:

(1) In General.  On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
> \* \* \*

(3) Delay or Prejudice.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1), (3) (emphasis added).

Both permissive intervention and intervention of right may be permitted only "upon timely application," Fed. R. Civ. P. 24(a) (emphasis added), because "the requirement of timeliness applies whether intervention is sought as a matter of right or as a matter of discretion." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1916 at 527-28 (3d ed. 2007) (citations omitted). The concept of "timeliness" in connection with motions for leave to intervene is a flexible one, which is left to the sound discretion of the trial court. Id. at 529 (citing Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989); Holland v. Sterling Enters., Inc., 777 F.2d 1288, 1293 (7th Cir. 1985); McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)); accord In re Lease Oil Antitrust Litig., 570 F.3d at 248. "'The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.'" Heaton, 297 F.3d at 422 (quotation omitted). "Th[is] analysis is contextual; absolute measures of timeliness should

be ignored." Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994); accord Heaton, 297 F.3d at 422. "A court should ignore 'how far the litigation has progressed when intervention is sought[,] . . . the amount of time that may have elapsed since the institution of the action . . . [, and] the likelihood that intervention may interfere with the orderly judicial processes.'" Am. V Ships Ltd. v. Norica Eng'g Servs., 34 F. App'x 151, 2002 WL 496377, at *3 (5th Cir. 2002) (quoting John Doe # 1 v. Glickman, 256 F.3d 371, 376 (5th Cir. 2001)).

When determining whether a motion to intervene is timely, a court must consider the following four factors: (1) how long the potential intervenor knew or reasonably should have known of his stake in the case into which he seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when he knew or reasonably should have known of his stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let him intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. In re Lease Oil Antitrust Litig., 570 F.3d at 247-48; Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 560-61 (5th Cir. 2003). "These factors are 'not a formula for determining timeliness;' instead, it should be determined based on all the circumstances." Id. at 561 (quoting Glickman, 256 F.3d at 376).

As to parties who must be joined, Fed. R. Civ. P. 19(a) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"'It is to be stressed that the criteria set forth in Rule 19 are not to be applied mechanically nor are they to be used to override compelling substantive interests. . . . The Rule 19 inquiry is a highly-practical, fact-based endeavor.'" Fed. Ins. Co. v. Singing River Health Sys., No. 15CV236-LG-RHW, 2015 WL 6454873, at *2 (S. D. Miss. Oct. 26, 2015) (quoting In re Chinese Mfd. Drywall Prods. Liab. Litig., 273 F.R.D. 380, 385 (E.D. La. 2011)) (citing Hood v. City of Memphis, 570 F.3d 625, 628 (5th Cir. 2009); Schuten v. Shell Oil Co., 421 F.2d 869, 873 (5th Cir. 1970) (emphasis added)).

I find that weighing and balancing the foregoing factors in the instant case militates in favor of denying the motion. As to the Rule 24 factors, although the motion was filed two weeks after entry of judgment, it is timely under the permissive timeliness standards reflected in the case law summarized above. However, existing parties – the defendants (Underwriters' insureds) in both this case and the state court lawsuit – were in a position adequately to represent the proposed intervenors' shared interests in finding that coverage exists under the subject policy. One defendant made an unsuccessful attempt to have the case dismissed. Record Doc. Nos. 19, 36. Defendants' failure to file any opposition to

- 6 -

Underwriters' motion for summary judgment appears to be as much a reflection of the substantive uselessness of doing so, in the face of the policy's clear and unambiguous coverage exclusions, as a reflection of defendants' adequacy for the task.  While the proposed intervenors may have had a direct interest in pursuing insurance coverage for the claims they assert, I cannot conclude that their interest was either impeded by disposition of this case or "legally protectable" under the Rule 24 standard, given the clear, unambiguous and obviously applicable exclusions of coverage in the policy.

As to the Rule 19 factors, adding the proposed intervenors would deprive the court of subject matter jurisdiction, which is based exclusively on diversity of citizenship.  Like the original defendants, the proposed intervenors are Louisiana citizens for diversity purposes.  The proposed intervenors clearly position and specifically identify themselves in their proposed complaint as "plaintiffs," who seek both "special and general damages incurred . . . as will be shown at the trial of this case," and a declaration that the policy issued by Underwriters covers those damages.  Record Doc. No. 47-6 at p. 3, ¶10; pp. 6-7, ¶ 23 and prayer for relief.  In addition, it is clear that the court can and did accord complete relief <u>among the existing parties</u> without the proposed intervenors and that no existing party is subject to any risk of incurring double, multiple or otherwise inconsistent obligations as a result of the intervenors' interest.

Perhaps weighing most heavily against granting the motion is practicality, a factor to be considered under both applicable procedural rules.  In short, permitting intervention at this late stage of the captioned case would be an impractical, mechanical, vain and

useless act that would override compelling substantive interests, because the clear and unambiguous terms of the subject insurance policy undoubtedly exclude coverage of the underlying claims asserted by the proposed intervenors as a matter of law. I can contemplate no circumstances, and the motion papers reflect none, under which the substantive result reflected in the judgment might be changed by permitting the intervention.

The Fifth Circuit precedent cited by movants does not dictate a different result. The Ranger decision does not stand for the proposition that all claimants who assert claims like those of the proposed intervenors in this case are always indispensable parties and entitled to intervene of right as a matter of law. The Ranger court merely held that, after weighing the various factors in that case in which Texas substantive law applied, those particular claimants were indispensable. Ranger Ins. Co., 488 F.2d at 683-84. Other courts in the Fifth Circuit addressing similar circumstances have ruled differently. See Fed. Ins. Co., 2015 WL 6454873, at *2-3 (denying defendant insured's motion to compel joinder of additional insureds and plaintiffs in underlying lawsuits as necessary parties in insurer's declaratory judgment coverage action when "all of the Rule 19(a) factors, as well as the unique circumstances of this particular case, weigh in favor of denying" the motion); U.S. Fire Ins. Co. v. A-Port, LLC, No. 14-441, 2015 WL 1416490, at *5 (E.D. La. Mar. 26, 2015) (denying defendant insured's motion to require the injured person/plaintiff in the underlying state court litigation to be joined in insurer's declaratory judgment coverage action because defendant failed to demonstrate that the injured person was a necessary

party under Rule 19); <u>United Nat'l Ins. Co. v. City of St. Gabriel</u>, No. 08-575-JVP-SC, 2009 WL 2485732, at *2 (M.D. La. Aug. 13, 2009) (after judgment was rendered in insurer's declaratory judgment coverage action that the clear and unambiguous policy obligated insurer to provide a defense to the insured in the underlying state court litigation, the court denied the motion to intervene by the plaintiff in the underlying action because she "clearly cannot demonstrate that the existing parties have not adequately represented her in this action").

For all of the foregoing reasons, the motion to intervene is DENIED.

New Orleans, Louisiana, this ___8th___ day of February, 2017.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE